**In re MTC TELEMANAGEMENT CORP., et al., Debtors.**

**No. 97–12893.**

United States Bankruptcy Court, N.D. California.

Sept. 10, 2001.

John D. Fiero, for debtor.

Michael H. Ahrens, Sheppard, Mullin, Richter and Hampton, San Francisco, CA, Jonathan S. Kitchen, Law Offices of Baker and McKenzie, San Francisco, CA, James L. Lopes, Howard, Rice, Nemerovski, Canady et al., San Francisco, CA, Reidun Stromsheim, Law Offices of Stromsheim and Assoc., San Francisco, CA, for trustee.

Robert S. Bartlett, Bartlett and Leader-Picone, Oakland, CA, William T. Bisset, Hughes, Hubbard, and Reed, Los Angeles, CA, Matthew S. Covington, Law Offices of Steinhart and Falconer, San Francisco, CA, Suzanne D. DiNubile, Law Offices of Carr and Ferrell, Palo Alto, CA, Kathryn S. Diemer, Campeau, Goodsell and Diemer, San Jose, CA, Sunanda Kundra, Law Offices of Gibbons and Conley, Walnut Creek, CA, Mark H. Levine, Hughes, Hubbard and Reed, Los Angeles, CA, Dennis L. Livingston, Law Offices of Livingston and Weiss, San Francisco, CA, Richard S. London, Law Offices of London and Schaeffer, Houston, TX, Michael W. Malter, Law Offices of Binder and Malter, Santa Clara, CA, James Newall, Law Offices of James Newall, Pittsburgh, PA, Steven M. Olson, Geary, Shea, O'Donnell and Grattan, Santa Rosa, CA, Thomas Paine, Ellman, Burke Hoffman and Johnson, San Francisco, CA, Rodney R. Patula, Law Offices of Graham and James, San Francisco, CA, John Poppin, Law Offices of Poppin and Shier, Douglas B. Provencher, Neil J. Rubenstein, Law Offices of Arter and Hadden, San Francisco, CA, Scott S. Shepardson, Walsworth, Franklin, Bevins and McCall, San Francisco, CA, Byron K. Toma, Santa Rosa, CA, Peter A. Umoff, Seed, Mackall and Cole, Santa Barbara, CA, William P. Weintraub, Pachulski, Stang, Ziehl, Young and Jones, San Francisco, CA, Mark T. Young, Law Offices of Mark T. Young, Encino, CA, for creditor.

### Memorandum on Arbitration Award as Administrative Expense Claim

ALAN JAROSLOVSKY, Bankruptcy Judge.

### I. Introduction

On January 23, 1996, debtor MTC Telemanagement Corporation entered into a joint venture agreement with claimants Henk Keilman and Jan Peter Kastelein to develop and sell telecommunications service in Europe. On April 7, 1997, Keilman and Kastelein gave a notice pursuant to the agreement rescinding and terminating it. On August 1, 1997, involuntary bankruptcy petitions were filed against MTC and its affiliates. John H. Brownell was appointed Chapter 11 trustee. There were no unencumbered assets in the bankruptcy estate. However, the principal secured creditors believed that the notice given by Keilman and Kastelein was ineffective and that MTC had a valuable claim against them. They accordingly agreed to allow their collateral to be used by the trustee to pay administrative expenses. On April 20, 1998, Brownell commenced arbitration proceedings against Keilman and Kastelein. While the arbitration was pending, the bankruptcy case was converted to Chapter 7 and Jeffry Locke became trustee. Soon thereafter, the three principal secured creditors entered into a further agreement with Locke allowing him to use their cash collateral to pay Chapter 7 administrative expenses. Locke continued to prosecute the claims against Keilman and Kastelein. The result of the arbitration was a complete loss for the bankruptcy estate. The arbitrator found that MTC's claims were meritless. He awarded Keilman and Kastelein over $1 million in costs and attorneys' fees and added $500,000.00 in sanctions for discovery abuses, commencing and maintaining the arbitration without inquiring into the merits of the claim, and prolonging the proceedings unnecessarily. Keilman and Kastelein have moved the court for allowance of their award as an administrative expense. Locke objects.

### II. Issues

The court sees two issues arising out of this dispute. The first is whether, as a general rule, a postpetition litigation award based on a prepetition contract can

be entitled to administrative priority. Assuming that the answer to this question is no, the second issue is whether any special circumstances in this case create an exception to the general rule.

### III.   Litigation Award as Entitled to Priority

■ In this circuit, the law has changed twice as to the allowability of postpetition litigation costs as an administrative expense. Before there was a ruling from an appellate court in this circuit, most bankruptcy courts followed *In re Hemingway Transport, Inc.*, 954 F.2d 1, 5 (1st Cir.1992), which held that postpetition litigation expenses based on a prepetition contract are not entitled to administrative priority. The decision of the appellate panel in *In re Madden*, 185 B.R. 815 (9th Cir. BAP 1995), changed the law in this circuit. Basing its decision on *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), the appellate panel granted priority status to postpetition litigation costs. However, the Ninth Circuit changed the law again in *In re Abercrombie*, 139 F.3d 755 (9th Cir.1998). In that decision, the court expressly approved Hemingway Transport and disapproved Madden. 139 F.3d at 759. Ninth Circuit in Hemmingway read Reading much more narrowly as applying only to postpetition torts committed while the estate operated a business, not contractual expenses while the estate is being liquidated. 139 F.3d at 758–59. Pursuant to Abercrombie, the law in this circuit is that "costs and expenses arising out of prepetition contracts are treated under the Bankruptcy Code as nonprioritized unsecured claims." 139 F.3d at 757.

### IV.   Equitable Exceptions

■ In most cases, it makes no sense to give a creditor a huge windfall just because its claim was adjudicated postpetition. There was no requirement in the agreement between MTC and Keilman and Kastelein that MTC demonstrate any financial strength before commencing arbitration. Had the arbitration been concluded before the bankruptcy, the award would have been uncollectible. If the court were to adopt the claimants' reasoning, then the bankruptcy was the best thing that could ever happen to them. Bankruptcy cases are not supposed to create windfalls. In most cases, the granting of administrative priority means that one creditor is paid from funds which would otherwise go to other innocent creditors. Where a contractual obligation was created prepetition, along with a lot of other debt, it is difficult to articulate a reason why most creditors should receive less so that one creditor can be paid in full just because that creditor's claim was liquidated after bankruptcy. However, this case is unusual for two reasons. First, there are no innocent creditors. The only assets in the estate are the secured creditors' funds which they agreed could be used to fund the arbitration and will not filter down to any creditors even if the request for priority status is denied. Second, there is an express finding by the arbitrator that the estate representative was guilty of discovery abuses, commencing and maintaining the arbitration without inquiring into the merits of the claim, and prolonging the proceedings unnecessarily. Allowance of some sort of administrative expense claim would, in this rare case, result in financial harm only to responsible parties and not innocent ones.[1]

---

1. Keilman and Kastelein seem to make the argument that because the secured creditors agreed to allow their cash collateral to be used for administrative expenses, those creditors must pay that portion of the award granted administrative status. The court doubts this result, as an incidental third-party beneficiary of an agreement usually cannot recover

Abercrombie held that the postpetition prosecution of a dispute involving a prepetition contract does not create a prepetition debt. 139 F.3d at 758–59, citing Hemingway. The court in Hemingway specifically declined to rule that a Reading administrative expense claim may never be allowed in a Chapter 7 liquidation, although such allowance would not be permitted if fundamentally unfair. 954 F.2d at 6. After considerable reflection, the court reaches the conclusion that this is one of those very rare cases where the equities permit the allowance of an administrative expense claim for postpetition litigation costs over a prepetition contract. Under the unique circumstances of this case, allowance can be made without harming innocent third parties and is appropriate in order to make the estate representatives and their counsel responsible for their wrongful conduct.

V. Conclusion

The arbitrator made it clear that the sum of $500,000.00 was necessary to compensate Keilman and Kastelein for the wrongful acts of estate representatives. Accordingly, the court will allow an administrative claim in this amount. The trustee's objection to the administrative expense claim will be sustained as to all amounts over $500,000.00. Before a final order can be entered, the court needs to allocate the allowed administrative expense claim between Chapter 11 and Chapter 7. The court will hold a status conference on October 29, 2001, at 2:00 P.M., in order to set an evidentiary hearing on this issue.

more than was contemplated by the parties to the agreement. In any event, this issue is not before the court and the secured creditors

have not been given sufficient notice to make any rulings binding on them.